| | | |
|---|---|---|
| STATE OF INDIANA | ) FILED IN | IN THE LAKE _Superior_ COURT |
| COUNTY OF LAKE | ) CLERK'S OFFICE | SITTING IN _Hammond_ |
| | ) 2015 MAY 29 PM 2 26 | |
| LATOYA GREENE, AS MOTHER AND | ) | |
| next of kin, J.W., A Minor   MICHAEL A. BROWN | | |
| | CLERK LAKE CIRCUIT COURT | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: |
| | ) | |
| CITY OF GARY COMMUNITY SCHOOL | ) | **45D011506CT00092** |
| CORPORATION, CITY OF GARY, CITY | ) | |
| OF GARY POLICE DEPARTMENT, AND | ) | |
| FREDERICK ARD, In his individual and | ) | |
| professional capacity. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

### I. COUNT I: FALSE IMPRISONMENT

1. On or about April 15, 2014, and at all relevant times thereafter, LaToya Greene was a resident of the City of Gary, County of Lake, State of Indiana.

2. On or about April 15, 2014, and at all relevant times thereafter, LaToya Greene was the mother of J.W. who was a minor.

3. On or about April 15, 2014, and at all relevant times thereafter, Defendants City of Gary, City of Gary Community School Corporation and City of Gary Police Department were governmental entitles located in Lake County, State of Indiana.

EXHIBIT B

4. On or about April 15, 2014, Defendant Frederick Ard was an employee of the City of Gary School Corporation.

5. On or about April 15, 2014, Defendant Frederick Ard was an employee of the City of Gary Police Department, and was acting under the color of state law.

6. On or about April 15, 2014, and at all relevant times thereafter, J.W. was a student at Jefferson Elementary School, in the City of Gary, County of Lake, State of Indiana.

7. On or about April 15, 2014, and at all relevant times thereafter, Jefferson Elementary School was owned and operated by the City of Gary Community School Corporation.

8. On or about April 15, 2014, J.W. was attending Jefferson Elementary School.

9. Defendant Ard, while acting as a substitute teacher, grabbed J.W. and physically escorted her out in the hallway.

10. While in the hallway, Defendant Ard slammed J.W. against the wall and onto the floor, placed her in handcuffs, escorted her out of the building and transported her in his personal vehicle to the City of Gary Police Department.

11. Defendant Ard did not have probable cause to arrest J.W. and confine her against her will.

12. As a result of Defendants' actions, J.W. suffered injuries to her shoulder, wrists and knees.

13. Furthermore, J.W. suffered from severe emotional distress and embarrassment.

14. This action against the individual defendants is brought pursuant to Indiana common law.

15. Defendant Ard acted with malice, gross negligence or oppressiveness.

16. Defendant Ard's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

17. Defendant Ard was acting in accordance with City of Gary Community School Corporation Policy when he arrested J.W. without probable cause and falsely imprisoned her.

18. Defendant Ard was working at the time of his unlawful actions and was acting within the scope of his employment with Defendant City of Gary School Corporation.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages for the actions of the individual defendants in this case.
2. She is awarded punitive damages for the egregious and malicious actions of the individual defendants in this case.
3. She is awarded all other just and proper relief.

## II. COUNT II: FALSE ARREST

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

19. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint as if stated herein.
20. On or About April 15, 2014, Defendant Ard arrested J.W. without probable cause.

21. Defendant Ard was acting in accordance with City of Gary Community School Corporation Policy when he arrested J.W. without probable cause and falsely imprisoned her.

22. J.W. suffered physical and emotional injuries as a result of Defendant Ard's unlawful actions.

23. Defendant Ard acted with malice, gross negligence or oppressiveness.

24. Defendant Ard's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

25. Defendant Ard was working at the time of his unlawful actions and was acting within the scope of his employment with Defendant City of Gary School Corporation.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages for the actions of the individual defendants in this case.

2. She is awarded punitive damages for the egregious and malicious actions of the individual defendants in this case.

3. She is awarded all other just and proper relief.

### III. COUNT III: BATTERY

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

26. Plaintiff incorporates rhetorical paragraphs 1 through 16 as stated in Count I of this Complaint and rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint as if stated herein.

27. On or about April 15, 2014, Defendant Ard knowingly or intentionally touched J.W. against her will in a rude, insolent or angry manner.

28. Defendant Ard, grabbed J.W. by the arm, escorted her out into the hallway, threw her up against the wall and down to the floor and handcuffed her.

29. Defendant Ard acted with malice, gross negligence or oppressiveness.

30. Defendant Ard's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

31. Defendant Ard lacked any legal justification for his actions.

32. Defendant Ard was working at the time of his unlawful actions and was acting within the scope of his employment with Defendant City of Gary School Corporation.

33. J.W. suffered physical and emotional injuries as a result of the defendants' unlawful actions.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages for the actions of the individual defendants in this case.

2. She is awarded punitive damages for the egregious and malicious actions of the individual defendants in this case.

3. She is awarded all other just and proper relief.

## IV. COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

34. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint, rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint and rhetorical paragraphs 26 through 33 as stated in Count III of this Complaint as if stated herein.

35. Defendant Ard's actions of throwing J.W. up against the wall and down to ground, putting her in handcuffs and escorting her out of the building without probable cause was extreme and outrageous conduct.

36. By this conduct, Defendant Ard intentionally or recklessly caused severe emotional distress to J.W.

37. Defendant Ard acted with malice, gross negligence or oppressiveness.

38. Defendant Ard's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

39. Defendant Ard was working at the time of his unlawful actions and was acting within the scope of his employment with Defendant City of Gary School Corporation.

40. J.W. suffered severe emotional distress and embarrassment due to the defendants' unlawful actions.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages for the actions of the individual defendants in this case.
2. She is awarded punitive damages for the egregious and malicious actions of the individual defendants in this case.
3. She is awarded all other just and proper relief.

## V. COUNT V: SECTION 1983 ILLEGAL SEARCH AND SEIZURE

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

41. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint, rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint, rhetorical paragraphs 26 through 33 as stated in Count III of this Complaint and rhetorical paragraphs 34 through 40 as stated in Count IV of this Complaint as if stated herein.
42. On or about April 14, 2014, and all relevant times thereafter, Defendant Ard was an officer with the City of Gary Police Department and was acting under color of state law.
43. Defendant Ard grabbed J.W., escorted her out of the classroom into the hallway, threw her against the wall and down onto the ground, placed her in handcuffs, escorted her out of the building and transported her to the City of Gary Police Department.
44. Defendant Ard did not have probable cause or any other legal justification for his actions.

45. This court has concurrent jurisdiction with Federal Courts on all of Plaintiffs claims under Federal Law U.S.C. 42 §1983 and all federal claims brought by Plaintiff in this action.

46. The Defendants' actions, as described above, were under the color of state law.

47. This Complaint against the individual defendants is for damage arising out of the violation of civil rights pertaining to J.W., which are in direct violation of Indiana common law and the Indiana and United States Constitution.

48. This action against the individual defendants is brought pursuant to Indiana common law and 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

49. J.W. clearly had an established right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

50. That the individual defendants subjected J.W. to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

51. Defendant Ard was acting in accordance with a City of Gary Police Department policy or practice of arresting subjects without probable cause.

52. Defendant Ard was acting in accordance with City of Gary Community School Corporation policy or practice of having student's arrested without probable cause.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages under Section 1983 for the actions of the individual defendants in this case.

2. She is awarded punitive damages for the defendants' egregious and malicious actions in this case.

3. She is awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.
4. She is awarded all other just and proper relief.

## VI. COUNT VI: SECTION 1983 EXCESSIVE FORCE

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

53. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint, rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint, rhetorical paragraphs 26 through 33 as stated in Count III of this Complaint, rhetorical paragraphs 34 through 40 as stated in Count IV of this Complaint and rhetorical paragraphs 41 through 52 as stated in Count V of this Complaint as if stated herein.
54. Defendants' actions were unreasonable based on the totality of the circumstances surrounding J.W.'s injuries.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages under Section 1983 for the actions of the individual defendants in this case.
2. She is awarded punitive damages based upon the defendants' egregious and malicious actions in this case.
3. She is awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.
4. She is awarded all other just and proper relief.

## VII.   COUNT VII: SECTION 1983 FALSE ARREST

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

55. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint, rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint, rhetorical paragraphs 26 through 33 as stated in Count III of this Complaint, rhetorical paragraphs 34 through 40 as stated in Count IV of this Complaint, rhetorical paragraphs 41 through 52 as stated in Count V of this Complaint and rhetorical paragraphs 53 through 54 as stated in Count VI of this Complaint as if stated herein.

56. Defendant Ard arrested J.W. without probable cause.

57. J.W. clearly had a constitutional right to be free of unlawful arrest.

58. Defendant Ard knew J.W. clearly had a constitutional right to be free from unlawful arrest and knew that his actions clearly violated that right.

59. Defendant Ard's actions were clearly unreasonable in light of the circumstances.

60. Defendant Ard was acting under color of state law.

61. Defendant Ard was acting in accordance with City of Gary Police Department policy or practice of arresting subjects without probable cause.

62. Defendant Ard was acting in accordance with City of Gary Community School Corporation policy of practice of having students arrested without probable cause.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages under Section 1983 for the actions of the individual defendants in this case.
2. She is awarded punitive damages based upon the defendants' egregious and malicious actions in this case.
3. She is awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.
4. She is awarded all other just and proper relief.

## VIII.   COUNT VIII: SECTION 1983 FALSE IMPRISONMENT

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

63. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint, rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint, rhetorical paragraphs 26 through 33 as stated in Count III of this Complaint, rhetorical paragraphs 34 through 40 as stated in Count IV of this Complaint, rhetorical paragraphs 41 through 52 as stated in Count V of this Complaint, rhetorical paragraphs 53 through 54 as stated in Count VI of this Complaint and rhetorical paragraphs 55 through 62 as stated in Count VII of this Complaint as if stated herein.
64. Defendant Ard physical restrained J.W. and transported her against her will from the school to the City of Gary Police Department.

65. Defendant Ard did not have any legal justification for said actions.

66. J.W. clearly had a constitutional right to be free of unlawful imprisonment.

67. Defendant Ard knew J.W. clearly had a constitutional right to be free from unlawful imprisonment and knew that his actions clearly violated that right.

68. Defendant Ard's actions were clearly unreasonable in light of the circumstances.

69. Defendant Ard was acting under color of state law.

70. Defendant Ard was acting in accordance with City of Gary Police Department policy or practice of arresting subjects without probable cause.

71. Defendant Ard was acting in accordance with City of Gary Community School Corporation policy of practice of having students arrested without probable cause.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages under Section 1983 for the actions of the individual defendants in this case.

2. She is awarded punitive damages based upon the defendants' egregious and malicious actions in this case.

3. She is awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. She is awarded all other just and proper relief.

## COUNT IX: NEGLIGENT HIRING AND RETENTION

COMES NOW, LaToya Greene, as Mother and next of kin to J.W., a minor, by counsel Russell W. Brown, Jr. of Scott King Group, and for her Complaint for Damage against the defendants, City of Gary, City of Gary Community School Corporation, City of Gary Police Department and Frederick Ard, in his individual and official capacity, (collectively "Defendants"), states and alleges as follows:

72. Plaintiff incorporates rhetorical paragraphs 1 through 18 as stated in Count I of this Complaint, rhetorical paragraphs 19 through 25 as stated in Count II of this Complaint, rhetorical paragraphs 26 through 33 as stated in Count III of this Complaint, rhetorical paragraphs 34 through 40 as stated in Count IV of this Complaint, rhetorical paragraphs 41 through 52 as stated in Count V of this Complaint, rhetorical paragraphs 53 through 54 as stated in Count VI of this Complaint, rhetorical paragraphs 55 through 62 as stated in Count VII of this Complaint as if stated herein and rhetorical paragraphs 63 through 71 as stated in Count VIII of this Complaint as if stated herein.

73. During the relevant times, Defendant Ard was an employee of Defendants City of Gary, City of Gary Police Department and City of Gary Community School Corporation.

74. Prior to the incidents complained herein, Defendant Ard was convicted of Abandonment of a Minor in Cobb County, Georgia.

75. Defendants City of Gary, City of Gary Police Department and City of Gary Community School Corporation knew or should have known of Defendant Ard's criminal history.

76. Despite their knowledge, Defendants City of Gary, City of Gary Police Department and City of Gary Community School Corporation hired and/or retained Defendant Ard.

77. The fact that Defendant Ard's criminal history involved children, it was unreasonable for Defendants City of Gary, City of Gary Police Department and City of Gary Community School Corporation to hire or retain Defendant Ard's employment.

78. As a result of Defendants' negligence, Plaintiff was harmed.

WHEREFORE, Plaintiff requests:

1. She is awarded compensatory damages for the actions of the individual defendants in this case.

2. She is awarded punitive damages for the egregious and malicious actions of the individual defendants in this case.

3. She is awarded all other just and proper relief.

## JURY DEMAND

Plaintiff, Latoya Greene, as Mother and next of kin to J.W., a minor, by Counsel, Russell W. Brown, Jr. of Scott King Group, respectfully requests trial by jury of all issues herein.

Respectfully submitted,

SCOTT KING GROUP

By_____
Russell W. Brown, Jr. #29628-64
Attorney for Defendant
9211 Broadway
Merrillville, IN 46410
219/769-63000 - Fax 219/769-0633